Montpelier Sch. Dist. v. Morrison-Clark, Inc., No. 540-7-09 Wncv (Crawford, J., Mar. 8, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
COUNTY OF WASHINGTON

MONTPELIER SCHOOL DISTRICT

v.

WASHINGTON SUPERIOR COURT
DOCKET NO.: 540-7-09 Wncv

MORRISON-CLARK, INC.


DECISION ON MOTION FOR PARTIAL SUMMARY JUDGMENT

This is a construction dispute concerning the removal of vinyl asbestos tiles from a portion of a school building during the summer vacation months of 2008. In addition to claims of negligence and breach of contract, the school district seeks treble damages, the return of all moneys paid to defendant and attorneys fees under the Vermont consumer fraud statute, 9 V.S.A. § 2451.

FACTS

The facts not in dispute are:

In 2008, the parties contracted for the removal and replacement of carpet and floor tiles in a portion of a Montpelier elementary school during the summer vacation months. The contract resulted from a bid process in which Morrison-Clark was the only participant.

Before the contract between the parties was signed, Don Lorinovich, Director of Facilities for the school district, met in person with representatives of Morrison-Clark to discuss the scope and nature of the work. Mr. Lorinovich told Morrison-Clark that the tiles contained asbestos and asked if they were qualified to do the removal work. The representatives said "yes, they have done it before and know what needs to be done." Mr. Lorinovich recommended to the school board that the Morrison-Clark be accepted and the contract was signed.

In an affidavit, John Hollar, the school board chair, states that the school district would not have hired Morrison-Clark to remove the floor tiles "had it known that Morrison-Clark did not have a sufficient understanding of the governing regulations to ensure that it complied with all of their requirements." Mr. Hollar states that the school district relied upon Morrison-Clark's representations that it would follow the required procedures for tile removal.

The removal work was underway in July 2008 when an asbestos contractor working for the school district on an unrelated matter phoned in an anonymous tip to the Vermont Department of Health. The Department of Health inspector determined that the work did not comply with the Vermont Regulations for Asbestos Control and ordered the work

stopped. The school district contracted with other companies for a clean-up and has brought suit against Morrison-Clark. The clean-up has been completed at a cost of about $86,000 and the school is open.

## FACTS IN DISPUTE

The parties disagree over whether Morrison-Clark failed to follow the asbestos regulations. In this case and in a separate regulatory proceeding, Morrison-Clark defends its work practices. The school district contends that the Department of Health acted correctly in shutting down the work-site and ordering a clean-up process.

## ANALYSIS

Morrison-Clark argues that a statement that a contractor has done similar work and knows what to do does not qualify as an "unfair or deceptive act" for purposes of 9 V.S.A. § 2453(a). The school board contends that there is evidence in the record that Morrison-Clark failed to understand or follow the asbestos regulations and therefore the company's statement that it knew what to do was false.

For purposes of deciding the summary judgment issue, the court will consider the evidence in the light most favorable to the school district. The court accepts as true Mr. Lorinovich's account of his meeting with Morrison-Clark at which the assurance that the floor company knew what to do was offered. The court also accepts as true Mr. Hollar's statement that the school board relied upon this statement when it contracted with Morrison-Clark. Finally, the court accepts as true the school district's claim that the work did not comply with Vermont's asbestos regulations.

To meet its burden of proof under the Act, the school district must demonstrate:

1. that Morrison-Clark made a representation, omission or practice likely to mislead consumers;

2. that the school district interpreted the statement reasonably; and

3. that the misleading statement was material.

The court is satisfied that for purposes of summary judgment, there is sufficient evidence in the record to satisfy the second and third elements. The statement was an unambiguous assurance that Morrison-Clark knew how to do the work. The statement was obviously material since asbestos removal is highly regulated and presents some risk to users of the building. It is unsurprising that a school board would rely on an assurance that a contractor knew the rules and other requirements before hiring a contractor.

The only issue for the court to decide is whether the statement made to Mr. Lorinovich meets the legal standard for an "unfair or deceptive act" for purposes of the Consumer Fraud Act (the "Act).

2

Two recent Vermont Supreme Court decisions have set limits on the westward expansion of contract disputes found to be subject to the Act.

In *Heath v. Palmer*, 181 Vt. 545 (2006), statements by a developer that it "take[s] pride in offering cost efficient, quality construction with exceptional value" did not constitute fraud for purposes of the Act because the statements "unquestionably fall within the category of opinions as subjective evaluations of workmanship rather than objectively verifiable statements of fact." *Id.* at 549.

In *EBWS, LLC v. Britly Corp.*, 181 Vt. 513 (2007), a building contractor stated that his company was capable of building a creamery building and that it had "built buildings 'substantially more complex' and that 'this is an easy building.'" The statements were held to be unlikely to mislead in the absence of evidence that the contractor was actually incapable of building the creamery or that building a creamery was uniquely demanding.

The statement in question is sufficiently specific and factual that the exception for subjective expressions of opinion identified in the *Heath* case do not apply.

The more difficult question is whether there is record evidence sufficient to establish that the statement was objectively false when made. The school district alleges 8 specific violations of the Asbestos Removal Rules. These are:

Rule 1.1.1 – "No person shall perform asbestos abatement in any facility without obtaining certification and a permit from the Commissioner."

Rule 2.4.2B – "The area where asbestos abatement activities are conducted shall be isolated from the remainder of the facility by air-tight barriers …"

Rule 2.4.2F – "A worker decontamination enclosure system consisting of a clean room, shower room and equipment room, each separated from each other and from the work area by airlocks … shall be provided."

Rule 2.4.2H – "Asbestos danger signs shall be displayed…"

Rule 2.4.2I – "Following abatement, clean-up procedures using HEPA vacuuming and wet cleaning techniques shall be performed."

Rule 2.4.2J – "Negative pressure ventilation units with HEPA filtration .. shall be operated for the duration of the project."

Rule 6.3A – "All asbestos-containing materials shall be adequately wetted prior to removal and kept wet until disposed."

Rule 6.3B – "Asbestos-containing materials shall not be sanded, sawn, chipped, ground, abraded, drilled, or subjected to any other dust producing activity."

In addition, Rule 6.1 provides an exception to the highly complex and expensive measures required by the subsections of Work Rule 2. The abatement of "vinyl asbestos flooring" is not subject to Rule 2 so long as the material does not become "friable during the abatement" and the requirements for wetting and dust-suppression in Work Rule 6 are observed.

Morrison-Clark claims that the removal of the tiles qualified for the exception under Rule 6 and that it did not violate the Rule 6 requirements concerning wetting and chipping. The school district contends that at a minimum, Morrison-Clark failed to get a permit as required by Rule 1.1.1 and failed to follow Rule 6. In the school district's view, the violation of Rule 6 triggered the Rule 2 requirements for plastic enclosures, shower rooms and other decontamination measures.

Returning to the issue at hand, the question is whether there is record evidence that the statement that "Morrison-Clark knows how to remove the tile in compliance with asbestos requirements" was objectively false when it was made. The court concludes that there is insufficient evidence for the plaintiff to go forward on the consumer fraud claim. At most there is evidence that Morrison-Clark undertook the work on the basis of the Rule 6 exception and that the workers used tools and generated dust without sufficient wetting in ways which violated the terms of this exception. These are events which followed the statement at issue by several months. There is no evidence that the Morrison-Clark principals who assured Mr. Lorinovich that the company knew how to do the work could anticipate that the job would get too dusty or the employees would not follow the wetting requirements. Like *EBWS*, this is a case about failed performance – at least as alleged by the plaintiff – and not about an objective falsehood at the time the contract was formed.

Similarly, there is no evidence that in the spring of 2008 when their principals met with Mr. Lorinovich, Morrison-Clark had knowledge that the containment and decontamination requirements of Rule 2 could apply to this job and that they provided an assurance to Mr. Lorinovich which was false. The removal of vinyl asbestos tiles become subject to the Rule 2 requirements only if the work is performed incorrectly under Rule 6 or the material becomes "friable." If these things happened in his case, they happened long after the statements to Mr. Lorinovich. They reflect problems in workmanship or floor conditions (friability), but they are not evidence of false statements.

The remaining claim of false statement concerns the permitting requirement. Morrison-Clark did not take out a permit from the Department of Health. Permits are not required for work undertaken pursuant to the lighter requirements of Rule 6. Since vinyl asbestos tiles are normally removed pursuant to Rule 6, Morrison-Clark did not mislead the customer when it commenced the job without a permit. The same analysis applies to the certification requirements which apply to work performed under Rule 2.

The court admits that its analysis makes it difficult for a customer to sue a contractor for poor workmanship under the Consumer Fraud Act. By requiring objective proof of falsehood at the time the statements were made, many subsequent shortcomings and failures in workmanship are excluded from the Act. But the Act was never intended to replace common law breach of contract claims. The extraordinary severity of the scope of damages is reserved for fraud – statements which were demonstrably false when made. These have not been shown to be present in this case despite discovery and a full inquiry by zealous counsel.

CONCLUSION

The court grants the motion for partial summary judgment with respect to Count III (Consumer Fraud Act).

Dated:                                                  _____

                                                        Geoffrey Crawford,
                                                        Superior Court Judge